NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

FRANK ANDES, PETITIONER, v. ALVIN H. THOMAS, TRAD-
ING AS LINCOLN SERVICE COMPANY OF NEW JERSEY,
RESPONDENT.

A petition was filed and served in the above-entitled cause,
praying for compensation for injuries alleged to have been
received as the result of an accident alleged to have occurred
on August 30th, 1927, at the garage of the respondent, while
petitioner was endeavoring, as he alleged, to lift a radiator
on a Lincoln car, to replace same on said Lincoln car; an
answer was filed by the respondent and the cause was set
down for hearing, which hearing was adjourned from time to
time until the 21st day of December, 1927, when said cause
first came on for hearing before Honorable Harry J. Goas,
deputy commissioner of compensation, at 9 Franklin street,
Newark, New Jersey, in the presence of David Roskein, Es-
quire, counsel for petitioner, and Edwin Joseph O'Brien, of
counsel for respondent.

Both the petitioner and the respondent, with their respec-
tive witnesses, were sworn and testified. After having listened
carefully to the testimony of the various witnesses, observed
their demeanor on the witness-stand, the manner in which
they answered the various questions propounded to them by
respective counsel, and considered what interest, if any, may
have influenced them in giving the testimony which they
gave, I have come to the following conclusion:

The story narrated by the petitioner, which was uncor-
roborated as to the happening of the accident, is not probable,

to say the least, and falls far short of establishing a case, by the "preponderance of the testimony" even when considered in conjunction with the other witnesses whom he produced. The petitioner, a man of very slight build, who admitted in his own testimony that he was not able to do very heavy lifting prior to his alleged accident, claims that while lifting a radiator, the only evidence as to the weight of which was that it weighed approximately one hundred and seventy pounds, he strained his back, after he had gotten the radiator up as far as his chest. Petitioner's wife and two other witnesses also state that in an altercation which occurred after the accident was alleged to have happened, petitioner raised his arm, with a wrench in his hand, to strike the respondent, despite the fact that according to his own story he was in a state of semi-collapse. There was also evidence to show that the radiator mentioned was in identically the same place that the respondent and petitioner had, together, placed it sometime preceding the alleged accident. These are but a few of the elements which convince me that the story of the petitioner is without basis in fact. There was also evidence introduced to show that petitioner went out and brought back two policemen, following an altercation over the tools, just before the petitioner left the garage as a result of his dismissal by the respondent. Petitioner never mentioned this fact in either his direct or cross-examination, and when confronted by this evidence on the respondent's case, made no attempt to deny it.

Therefore, it appearing that the petitioner in this cause has failed to establish, by a preponderance of the evidence, that the alleged injury did, in fact, take place as he claims, arising out of and in the course of his employment.

\*        \*        \*        \*        \*        \*        \*

HARRY J. GOAS,
*Deputy Commissioner.*